RECEIVED
IN LAKE CHARLES, LA
MAY 1 3 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:09 CR 00075-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JOSEPH EMANUEL BAILEY | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court are defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant objects to the 16 point enhancement contained in ¶12 of the PSR. Bailey argues that he was never physically removed from this country and therefore could not have reentered subsequent to an order of removal.

The defendant argues that this 16 point enhancement is precluded by *United States v. Felipe Nava-Perez*, 242 F.3d 277 (5th Cir. 2001). In 1997, Nava-Perez was deported from the United States and subsequently illegally reentered.[1] In 1998, he was convicted of aggravated felony possession of cocaine in Texas.[2] In May of 1999, the INS reinstated his 1997 deportation order and removed him.[3] Two months later, Nava-Perez again illegally reentered and he was indicted for illegal reentry under

---

[1] 242 F.3d 277, 278 (5th Cir. 2001); 53 Baylor L. Rev. 557, 599 -600 (Summer2001).

[2] *Id.*

[3] *Id.*

section 276 of INA.[4] The judge enhanced Nava-Perez's sentence pursuant to 2L1.2(b)(1)(A) of the United States Sentencing Guidelines (USSG) which provides a 16-level increase in the offense level for unlawful reentry after having been deported following a criminal conviction for an aggravated felony.[5] Nava-Perez alleged that he was not subject to enhancement because "his second removal, in 1999, was effective in 1997, before his commission of the aggravated felony in 1998."[6] The court held that Nava-Perez was removed twice, once in 1997 and again in 1999; and that although the 1999 removal was a reinstatement of the 1997 order, it still constituted a removal.[7] Therefore, the court ruled that Nava-Perez's 1999 removal qualified as a deportation/removal after his 1998 aggravated felony conviction, and the sentence enhancement was proper.[8]

The defendant in the case at bar argues that he has been in continued custody since his release from the State of New York on September 2, 1999, therefore he could not have left the United States and reentered illegally.

Probation responds that the 16 point enhancement is based upon USSG §2L1.2(b)(1)(A)(ii). That subsection states that if the defendant had been previously deported, or *unlawfully remained* in the United States, after a conviction for a crime of violence, then the offense level is to be

---

[4] *Id.* (noting INA § 276, 8 U.S.C. § 1326 (Supp. V 1999)).

[5] *Id.* at 278; U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A).

[6] Nava-Perez, 242 F.3d at 278.

[7] *Id.* at 279.

[8] *Id.*

2

increased by 16 levels[9] (emphasis added). Application Note 1(A)(iii) states that a defendant shall be considered to have unlawfully remained in the United States if he remained in the United States following a removal order issued after a conviction, regardless of whether the removal order was in response to the conviction.[10]

It is uncontested that the defendant has not been removed or deported since the New York conviction on April 3, 1991. Probation asserts, however, that the enhancement is not based upon the defendant being deported following that conviction, but on the fact that he remained in the United States after a felony conviction for a crime of violence.

Bailey was originally ordered removed and excluded from the United States on January 6, 2000, after a felony conviction for 3rd degree assault. After serving his prison sentence for that conviction, he was transferred to the custody of the Department of Immigration and Naturalization Service ("INS"). From the onset of his detention by the INS, Bailey refused to sign the papers

---

[9]  **b)** Specific Offense Characteristic

**(1)** Apply the Greatest:

If the defendant previously was deported, or unlawfully remained in the United States, after--

**(A)** a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels;

USSG, § 2L1.2, 18 U.S.C.A.

[10] **(iii)** A defendant shall be considered to have unlawfully remained in the United States if the defendant remained in the United States following a removal order issued after a conviction, regardless of whether the removal order was in response to the conviction. USSG, § 2L1.2, 18 U.S.C.A.

3

required to obtain travel documents. His first refusal was in March 2000.

Accordingly, by virtue of the fact that the defendant steadfastly refused to sign the appropriate documents, the court finds that he "unlawfully remained" in the United States following a conviction for a crime of violence. The 16-level enhancement is appropriate. This objection is overruled.

The defendant objects to the 3 points assigned in ¶27 of the PSR. The defendant argues that the records are inadequate and there is no evidence that the defendant was represented by an attorney in the proceedings.

Except in the limited circumstance in which the prior conviction was obtained in violation of the right to have counsel appointed, a defendant has no constitutional right to challenge prior convictions used to enhance a currently imposed sentence. *United States v. Longstreet*, 2010 WL 1346322, 2 (5th Cir. 2010); *United States v. Gonzales,* 79 F.3d 413, 426-27 (5th Cir.1996). In *Mitchell v. United States,* 482 F.2d at 296 (5th Cir. 1973), the court set forth the burdens and standards of proof when a defendant alleges that a prior conviction was unconstitutionally obtained because of lack of representation:

> [W]hen a convicted defendant who was indigent at the time of his conviction collaterally attacks the conviction on right-to-counsel grounds, and the record shows that he was not represented by counsel or is silent regarding representation of counsel, then the party which defends the conviction has the burden of proving that the defendant was represented by counsel or that he waived his right to counsel. Conversely, if the record of the conviction under collateral attack shows that the defendant was represented by counsel, the convicted defendant has the burden of impeaching the record.

*See Mitchell,*(citations omitted).

In the case at bar, the original court records for the contested conviction are no longer

4

available. However, a Certified Certificate of Disposition was provided by the Supreme Court of the State of New York, Bronx County. This report indicates that the defendant was convicted of 1st degree assault, 2nd degree assault, and 3rd degree assault after a trial by jury. In 2000, when the defendant's immigration hearings were first conducted, the INS obtained copies of the court documents relating to this conviction and those documents state that the defendant was, in fact, represented by counsel in this matter. These documents are sufficient to establish, by a preponderance of the evidence, that the defendant was represented by counsel. The burden now shifts to the defendant to impeach the record. Absent any evidence by the defendant to prove that he was unrepresented, this objection is overruled, and the 3 point assessment will remain.

The defendant next objects to the 2 points assessed in ¶27 of the PSR. The defendant argues that this offense occurred on November 1, 2006, and is not of a continuous nature, therefore this 2-point assessment is not proper.

Bailey's has pleaded guilty to failing to depart pursuant to 8 U.S.C. § 1253(a)(1)(C). This statute specifically provides that any alien, against whom a final order of removal is outstanding, and who willfully fails or refuses to depart from the United States within a period of ninety (90) days from the date of the final order of removal under judicial process, or if judicial review is had, then from the date of the final order of the court, is in violation of this statute.

Bailey was released by the State of New York on January 6, 2000, and began INS custody. He began refusing to depart on March 10, 2000. The Probation Department asserts, and the court agrees, that although Bailey pleaded guilty to an offense that occurred on November 1, 2006, the relevant conduct in the matter began on the date of Bailey's first refusal in 2000. The defendant's continued refusal to sign the necessary papers in 2000, 2003, 2004, and 2005 are all part of the same

course of conduct or common scheme or plan as the offense of conviction.

To receive the enhancement pursuant to U.S.S.G. § 4A1.1(e), *any part* of the conduct must have occurred within two (2) years of the defendant's release from imprisonment on the sentence counted under § 4A1(a) or (b). The facts of this case justify the 2-point assessment in ¶27. This objection is overruled.

The defendant's fourth objection requires no ruling by the court and merely informs that court of an option to suspend the defendant's sentence pursuant to 8 U.S.C. § 1253(a)(3).

Lake Charles, Louisiana, this 12 day of May, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE